**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-16-00377-001-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jesus Travis Reyes, | |
| Defendant. | |

Pending before the Court is Jesus Reyes's ("Defendant") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) and Pursuant to the First Step Act of 2018 (Doc. 50). For the reasons below, Defendant's Motion is denied.

## BACKGROUND

Defendant pleaded guilty to Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). (Docs. 28, 39.) The Court sentenced Defendant to 120 months in prison with five years' supervised release upon his release from BOP. (Doc. 40.) Defendant began serving his sentence on November 14, 2016. (Doc. 54 at 2.) Defendant is housed at Federal Correctional Institution (FCI) Big Spring in Big Spring, Texas. (Doc. 50 at 1.) His projected release date is March 11, 2025. Defendant has served approximately half of his sentence. (Doc. 54 at 2.) Defendant made a request for compassionate release to the warden at FCI Big Spring on April 28, 2021, which was denied on May 3, 2021. (Doc. 50-1.) Defendant now asks this Court to grant

him compassionate release. (Doc. 50.)

## DISCUSSION

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) (noting that "[t]he First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners" rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prions, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover— one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A)

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance because the commission has not amended the statement since the First Step Act was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

(providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

Defendant cites prison conditions and the COVID-19 pandemic as "extraordinary and compelling reasons" for his release. Defendant alleges that he was hospitalized in November 2020 because he had COVID-19. He also alleges that he "is suffering from severe 'long-haulers' syndrome." (Doc. 50 at 2.) Defendant suffers from diabetes, hypertension, and morbid obesity, (Doc. 50 at 4), which puts him at a higher risk of severe illness because of COVID-19. *People with Certain Med. Conditions*, Ctrs. for Disease Control & Prevention (Feb. 9, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, the existence of these conditions does not, by itself, mandate release. *See United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) ("The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present 'extraordinary and compelling' circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19.") (collecting cases). The Court finds no support for Defendant's assertion of "'long-haulers' syndrome" in the provided medical records, (Doc. 50 at 2),[2] and Defendant is now fully vaccinated against the virus, (Doc. 54-1). Moreover, Defendant's offense involved methamphetamine, and he has admitted to "snorting [m]ethamphetamines" for "several days" to BOP health officials. (Doc. 54-2 at 2.) Considering these circumstances, the Court does not find that Defendant has presented sufficiently extraordinary and compelling reasons for his release.

## CONCLUSION

Because Defendant is fully vaccinated and continues to struggle with substance abuse, his medical conditions and allegations of "'long-haulers' syndrome" are insufficient to justify compassionate release. Accordingly,

---

[2] As of January 2021, Defendant's respiration and blood oxygen level were normal. (Doc. 50-2 at 4–5.)

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) and Pursuant to the First Step Act of 2018 (Doc. 50) is **DENIED**.

Dated this 17th day of February, 2022.

_____
G. Murray Snow
Chief United States District Judge